# EXHIBIT "B"

Amended Complaint, filed June 9, 2021





COHEN-JOHNSON, LLC
H. STAN JOHNSON, ESQ.
Nevada Bar No.: 0265
sjohnson@cohenjohnson.com
RYAN D. JOHNSON, ESQ.
Nevada Bar No.: 14724
rjohnson@cohenjohnson.com
375 E. Warm Springs Road, Ste. 104
Las Vegas, NV 89119
Telephone: (702) 823-3500
Facsimile: (702) 823-3400
*Attorneys for Plaintiff*

## DISTRICT COURT
## CLARK COUNTY, NEVADA

| | |
|---|---|
| THC NEVADA, LLC, a Nevada Limited Liability Company<br><br>Plaintiff,<br><br>vs.<br><br>HISCOX INSURANCE COMPANY, INC., an Illinois corporation, HISCOX, INC., a Delaware corporation registered in the State of Nevada, DOES I through X, inclusive; and ROE CORPORATIONS I through X, inclusive,<br>Defendants. | Case No.: A-21-828739-C<br><br>Dept. No.: XXIX<br><br>**Arbitration Exemption Requested:**<br>Amount Claimed in Excess of $50,000 and Declaratory Relief Requested |

### AMENDED COMPLAINT

Plaintiff, THC Nevada, LLC by and through its attorney of record, H. STAN JOHNSON, ESQ., of COHEN-JOHNSON, LLC, alleges as follows:

### PARTIES

1. Plaintiff THC Nevada, LLC., (hereinafter "Plaintiff" or "THC") is and was at all times mentioned herein a Nevada corporation duly licensed to do business and doing business in Clark County, Nevada.

2. Upon information and belief, Defendant Hiscox Insurance Company, Inc.,

Page 1 of 6

(hereinafter "Defendant" or "Hiscox"), is an Illinois corporation and was at all times mentioned herein duly licensed to do business and doing business in Clark County, Nevada as an insurance company and Defendant Hiscox, Inc. is a Delaware corporation registered with the Nevada Secretary of State to do business in the State of Nevada.

3. The true names and capacities of Defendants herein designated as DOES, and/or ROE CORPORATIONS, are presently unknown to Plaintiff at this time who, therefore, sues said Defendants by such fictitious names, and when their true names and capacities are ascertained, Plaintiff will amend this Complaint accordingly to insert same herein. Plaintiff is informed and believes, and based upon such information and belief, alleges, that each of the Defendants herein designated as DOES and/or ROE CORPORATIONS are, in some manner, responsible for the occurrences discussed below, as alleged herein.

## JURISDICTION AND VENUE

4. This Court possesses subject matter jurisdiction over this matter because Clark County, Nevada is the judicial district in which a substantial part of the events or omissions giving rise to the claims set forth herein occurred and the damages exceed the amount of $15,000.00.

## GENERAL ALLEGATIONS

5. THC is in the business of cannabis cultivation in Clark County, Nevada.

6. THC entered into an insurance contract with Hiscox Policy No. UC21667530.18 with a policy period of November 19, 2018 to November 19, 2019 ("Policy").

7. The Policy provides coverage under each of four insuring agreements which, among other things, covers the acts listed in the claim letter to Hiscox dated on or about January 15, 2020.

8. Due to certain actions of its employee/independent contractor ETS Payroll,

Kenneth Jackson and others TCH has sustained a loss in excess of $500,000.00.

9. On or about January 15, 2020 THC made demand upon Hiscox for the loss incurred which is clearly covered by the terms of the Policy.

10. Upon information and belief, Defendant Hiscox, Inc. is a Delaware corporation registered with the Nevada Secretary of State to do business in the State of Nevada.

11. Defendant Hiscox Insurance Company, Inc., and Defendant Hiscox, Inc., are collectively referred to herein as ("Hiscox")

12. Hiscox denied the claim on or about February 3, 2020, and wrongfully refused coverage for the claim under the terms of the Policy.

13. Hiscox's handling of the claims was unreasonable, oppressive, and malicious, and violated Nevada law governing fair claims practices and warrants an award of punitive damages.

14. The impact of the failure by Hiscox to pay the claim and provide coverage was unconscionable.

15. The financial impact of denying the claim and coverage, where coverage exists, on THC was substantial.

16. Hiscox's improper denial of coverage where it knew and appreciated the type of company THC is, was in bad faith.

### FIRST CAUSE OF ACTION
### [Breach of Contract]

17. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 14 and incorporates the same herein as if set forth in full.

18. THC entered into an insurance contract with Hiscox and by virtue of the policy issued THC, as an insured.

19. Hiscox breached the policy when it denied the claim of THC.

20. As a direct and proximate cause of the Defendant's breach, THC has been

damaged in an amount in excess of $15,000.

21. THC has been required to obtain the services of Cohen-Johnson to prosecute this claim and is entitled to recover reasonable attorney fees and other costs incurred in this litigation, in addition to any other relief to which it may be entitled.

## SECOND CAUSE OF ACTION

**[Violations of NRS 686A.310 and Violation of Good Faith and Fair Dealing]**

22. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 19 and incorporates the same herein as if set forth in full.

23. At all times herein mentioned, Hiscox owed a duty to Plaintiff to comply with its implied covenant of good faith and fair dealing, and to do nothing to injure the rights of Plaintiff to receive the benefits of the above-described Policies of Insurance.

24. Hiscox has acted in bad faith and has violated its implied covenant of good faith and fair dealing, having repeatedly and continuously failed and refused to pay the claim of THC. Hiscox's deliberate refusal to pay the claim of Plaintiff is in direct violation of both the Nevada Insurance Regulations and NRS 686A.310.

25. As a direct and proximate result of Hiscox's bad faith and lack of fair dealing, Plaintiff has suffered severe economic hardship and damages.

26. The aforesaid conduct of Hiscox was in willful, wanton, and reckless disregard of Plaintiff's interests, to such an extent as to constitute oppression, fraud, and actual malice toward the Plaintiff, thus entitling Plaintiff to an award of punitive damages.

27. Plaintiff has been required to retain the services of Cohen-Johnson to prosecute this action, and is, therefore, entitled to a reasonable award of attorneys' fees and costs.

## THIRD CAUSE OF ACTION

### [Declaratory Relief]

28. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 25 and incorporates the same herein as if set forth in full.

29. There exists between THC and Hiscox a justiciable controversy regarding the rights and obligations of the parties under the respective policies, specifically, but not limited to, whether Hiscox should have paid the claim submitted by THC under the Policy.

30. THC seeks a declaratory judgment to resolve this controversy,

31. This action presents a justiciable controversy related to the obligations, right and limitations to the parties under the respective policy.

32. THC and Hiscox have adverse interests in this matter and THC asserts a legally protectable interest that is ripe for determination.

33. THC has been required to obtain the services of Cohen-Johnson to prosecute this claim and is entitled to recover reasonable attorney fees and other costs incurred in this litigation as special damages, in addition to any other relief to which it may be entitled.

## FOURTH CAUSE OF ACTION

### [Tortious Breach of Implied Covenant of Good Faith and Fair Dealing]

34. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 31 and incorporates the same herein as if set forth in full.

35. A covenant of good faith and fair dealing is implied into every contract constructed pursuant to Nevada law, including the policies mentioned hereinabove.

36. Hiscox breached the implied covenant of good faith and fair dealing in various ways, including but not limited to denying THC's claim in a manner unfaithful to the terms of the policies.

37. As a direct and proximate cause of the Hiscox breach, THC has been damaged in an amount in excess of $15,000.

38. By its actions, Hiscox are guilty of oppression, fraud and/or malice, expressed or implied.

39. Accordingly, in addition to compensatory damages, THC may recover punitive damages by way of example and by way of punishing Hiscox.

40. THC has been required to obtain the services of Cohen-Johnson to prosecute this claim, and is entitled to recover reasonable attorney fees and other costs incurred in this litigation as special damages, in addition to any other relief to which it may be entitled

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief against Defendant:

1. For general damages in excess of $15,000 for each claim for relief;

2. For special damages determined at the time of trial;

3. For punitive damages;

4. For judicial declaration as to the rights, obligations, and liabilities of the parties to the respective policies of insurance;

5. For an award of reasonable attorney fees and costs of suit incurred herein; and

6. For such other and further relief as the Court may deem just and proper.

DATED this 28th day of May 2021.

                                                         COHEN-JOHNSON, LLC

                                                         /s/ H. Stan Johnson
                                                         H. STAN JOHNSON, ESQ.
                                                         Nevada Bar No.: 265
                                                         375 E. Warm Springs Road, Ste. 104
                                                         Las Vegas, NV 89119
                                                         Telephone: (702) 823-3500
                                                         Facsimile: (702) 823-3400
                                                         *Attorneys for Plaintiff*