1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

THC NEVADA, LLC,

                                  Plaintiff(s),

        v.

HISCOX INSURANCE COMPANY, INC.,
et al.,

                                  Defendant(s).

Case No. 2:21-CV-1299 JCM (DJA)

ORDER

Presently before the court is Hiscox Insurance Company, Inc. and Hiscox, Inc.'s (collectively, "defendants") motion for summary judgment.  (ECF No. 16).  Also before the court is plaintiff THC Nevada, LLC's countermotion for summary judgment.  (EC No. 21).  Both motions are fully briefed.  Because the court grants defendants' motion (ECF No. 16), plaintiff's motion is denied as moot.

I.      **Background**

This is a fidelity bond dispute regarding coverage.  Plaintff filed a complaint against defendants alleging breach of contract, NEV. REV. STAT. § 686A.310 violations, tortious breach of the implied covenant of good faith and fair dealing, and "declaratory relief."  (ECF No. 1-2).  The following facts are not disputed.

Plaintiff was insured by Hiscox Insurance Company, Inc. ("Hiscox") under a fidelity bond policy from November 2018 to November 2019.  (ECF No. 21 at 2).  The policy indemnified plaintiff against theft by an employee.  (*Id.* at 4).  During the relevant period, Employer Tools & Solutions, Inc. ("ETS"), a company that provides payroll and tax filing services, was plaintiff's contractor.  (*Id.* at 2–3).

**James C. Mahan**
**U.S. District Judge**

1    According to plaintiff, ETS stole funds that plaintiff had provided to pay the IRS.  (*Id.*).

2 Plaintiff subsequently obtained a default judgment against ETS for conversion, among other

3 claims, in Nevada state court.  (ECF No. 21 at 3).  Default judgment was also entered against an

4 individual, Kenneth Jackson, as an alter ego of ETS.  (*Id.*).

5    Plaintiff demanded coverage from defendants for the amount stolen by ETS.  (*Id.* at 3–4).

6 Under the terms of the policy, plaintiff is covered for monetary loss caused by employee theft.  (*Id.*

7 at 4).  "Employee" is defined as "any…natural person independent contractor who is contracted

8 by [plaintiff] to perform services or provide goods for on [plaintiff's] behalf."  (*Id.* at 4).

9 Defendants disclaimed coverage, averring that ETS is not an "employee" under the terms of the

10 policy.  (*Id.*; ECF No. 16 at 7).  In response, plaintiff filed this suit in Nevada state court.

11 Defendants then removed the case to this court on diversity grounds.  (ECF No. 1).

12   **II.    Legal Standard**

13    Federal courts sitting in diversity apply the relevant state substantive law and federal

14 procedural law unless state law conflicts with a valid federal statute or procedural rule.  *E.g.*,

15 *Feldman v. Allstate Ins. Co.*, 322 F.3d 660, 666 (9th Cir. 2003) (quoting *Erie R.R. v. Tompkins*,

16 304 U.S. 64, 78 (1938)); *MRO Commc'ns, Inc. v. Am. Tel. & Tel. Co.*, 197 F.3d 1276, 1282 (9th

17 Cir. 1999).  The standards governing summary judgment are procedural, not substantive.  *See*

18 *Cortez v. Skol*, 776 F.3d 1046, 1054 n.8 (9th Cir. 2015) (citing *Knievel v. ESPN*, 393 F.3d 1068,

19 1073 (9th Cir. 2005)).

20    The Federal Rules of Civil Procedure allow summary judgment when the pleadings,

21 depositions, answers to interrogatories, and admissions on file, together with the affidavits (if any),

22 show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment

23 as a matter of law."  Fed. R. Civ. P. 56(a).  Information may be considered at the summary

24 judgment stage if it would be admissible at trial.  *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir.

25 2003) (citing *Block v. Los Angeles*, 253 F.3d 410, 418–19 (9th Cir. 2001)).  A principal purpose

26 of summary judgment is "to isolate and dispose of factually unsupported claims."  *Celotex Corp.*

27 *v. Catrett*, 477 U.S. 317, 323–24 (1986).

28

**James C. Mahan**
**U.S. District Judge**

- 2 -

In judging evidence at the summary judgment stage, the court does not make credibility determinations or weigh conflicting evidence.  Rather, it draws all inferences in the light most favorable to the nonmoving party.  *See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630–31 (9th Cir.1987).

When the non-moving party bears the burden of proof at trial, the moving party can meet its burden on summary judgment in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the non-moving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial.  *See Celotex Corp.*, 477 U.S. at 323–24.  If the moving party fails to meet its initial burden, summary judgment must be denied, and the court need not consider the non-moving party's evidence.  *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial."  *T.W. Elec. Serv., Inc.*, 809 F.2d at 630.

However, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data.  *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial.  *See Celotex*, 477 U.S. at 324.  If the nonmoving party's evidence is merely colorable or is not significantly probative, summary judgment may be granted.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986).

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 3 -

1

2

### III.    Discussion

####     I.    Plaintiff's unfair trade practices claim

The court will first dispose of plaintiff's NRS 686A.310 claim for lack of subject matter jurisdiction.    NRS 686A.310 is Nevada's unfair trade practices statute for insurance claims. Plaintiff does not specify the subsection under which it brings this claim, alleging in general terms that Hiscox violated this statute by its "deliberate refusal to pay the claim."  (ECF No. 1-2 at 5). Regardless, Nevada gives exclusive jurisdiction of any claims arising under Section 686A.310 to the Commissioner of the Nevada Department of Insurance.  *Allstate Ins. Co. v. Thorpe*, 170 P.3d 989, 994 (Nev. 2007); *Jafbros, Inc. v. Am. Fam. Mut. Ins. Co.*, 381 P.3d 627, at *2 (Nev. 2012).

Plaintiff must therefore exhaust its administrative remedies with the NDOI before its claim under the Insurance Code becomes ripe.  *E.g.*, *Thorpe*, 170 P.3d at 993–94; *Nevada Power Co. v. Eighth Jud. Dist. Ct. of Nevada ex rel. Cnt. of Clark*, 102 P.3d 578, 586 (Nev. 2004).  Plaintiff has not alleged that it exhausted all its administrative remedies.    The court lacks subject matter jurisdiction over this claim and will not adjudicate it on the merits.    This claim is dismissed without prejudice.[1]

####     II.  Plaintiff's Remaining Claims

Plaintiff's remaining claims are for breach of contract, declaratory relief, and tortious breach of the implied covenant of good faith and fair dealing.  Defendants argue that summary judgment is warranted because plaintiff's insurance claim is not covered under the policy as a matter of law.  (ECF No. 16, at 8).  Plaintiff's claim is not covered because ETS is not a "natural person" employee.  (*Id.*).  Plaintiff makes the novel argument that its claim *is* covered because ETS is merely the alter ego of a natural person—Jackson.  (ECF No. 21, at 6).

---

[1] "[A] court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of an action."  *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002).  "If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3).

**James C. Mahan**
**U.S. District Judge**

- 4 -

### III.   Equitable argument for alter ego

It appears that Nevada courts have not yet addressed whether the corporate alter egos of employees are covered under fidelity bonds, as a matter of equity.  When state law is unclear on a particular issue, "the federal court's task typically is to predict how the state's highest court would decide."  *See Med. Lab. Mgmt. Consultants v. Am. Broad. Cos., Inc.*, 306 F.3d 806, 812 (9th Cir.2002); *Strother v. S. Cal. Permanente Med. Group*, 79 F.3d 859, 865 (9th Cir.1996).

The alter ego doctrine has long been recognized by Nevada courts and is codified in NEV. REV. STAT. §§ 78.747 and 86.376.  *See Frank McCleary Cattle Co. v. Sewell*, 317 P.2d 957, 959 (1957) (establishing the alter ego doctrine) (reversed on other grounds).  The doctrine's purpose is to prevent an individual's abuse of the corporate form for his personal benefit, at the expense of his creditors.  *E.g.*, *LFC Mktg. Grp., Inc. v. Loomis*, 8 P.3d 841, 845–46 (2000).

Alter ego is thus merely a means of piercing the corporate veil to allow a judgment creditor to satisfy a corporation's debts by reaching into the personal assets of the corporation's controlling owner, and vice versa.  *Id*.  The goal of the doctrine is to "do justice" and prevent inequitable results.  *Id.*  It would be inequitable to allow the owner of a corporation to escape his debts—or benefit from fraudulent acts—by legal fiction.

Plaintiff argues that his claim is covered under the policy because, as alter egos, "ETS and Jackson are responsible for each other's actions and bound by each other's liabilities.  For all intends and purposes, they are the same." (ECF No. 21, at 9).  But, under Nevada law, the alter ego doctrine is a corporate veil-piercing method used to prevent abuse of the corporate form *by one of the alter egos*.  It is not a means of recharacterizing or expanding coverage under a policy.  The usual equity concerns under alter ego are not present here.  The court declines to expand the purpose of the alter ego doctrine beyond what the Nevada Supreme Court has already held.

### IV.  Contractual argument for alter ego

Plaintiff also argues that because "employee," as defined in the policy, does not explicitly exclude a natural person's corporate alter ego, it should be construed by the court as included. (ECF No. 21, at 6).  Plaintiff cites as support Nevada's strong policy of construing ambiguous

terms in insurance contracts in favor of the insured.  (*Id.*, at 5–6).  But the court does not find that the terms of the policy are ambiguous in the present case.

Ambiguous terms in insurance contracts will be interpreted against the insurer.  *United Nat'l Ins. Co. v. Frontier Ins. Co.*, 99 P.3d 1153, 1156 (2004) (explaining that because insurance contracts are contacts of adhesion, they should be interpreted to "afford the greatest possible coverage to the insured").  Whether an insurance policy is ambiguous "turns on whether it creates reasonable expectations of coverage as drafted*." Powell v. Liberty Mut. Fire Ins. Co.*, 252 P.3d 668, 672 (2011).  Ambiguity arises when a term may be reasonably interpreted in more than one way, "but ambiguity does not arise simply because parties disagree on how to interpret the contract." *Galardi v. Naples Polaris, LLC*, 301 P.3d 364, 366 (2013).

The policy limits coverage to theft by employees who are "natural persons."  Defendants argue that the insurance policy unambiguously contemplates—and rejects—covering theft by corporate entities.  An additional term disclaiming coverage of a natural person's corporate alter ego is unnecessary.  The court agrees.

At the time of drafting, the parties could not have reasonably contemplated that the present situation would be covered because the alter ego doctrine has never been applied in this manner. The policy is not "susceptible to more than one interpretation simply because it does not exclude a term that [plaintiff] later claims was contemplated." *Peterson v. Corona*, 133 Nev. 1060, 2017 WL 6806087 at *2 (Nev. Ct. App. 2017) (unpublished disposition).

Plaintiff also offers *Colony Tire Corporation v. Federal Insurance Co.* to support its position.  217 F. Supp. 3d 860 (E.D.N.C. 2016).  In this case, the court found that a corporate employee was covered under the fidelity bond at issue because it was created to facilitate the wrongdoing of its owners.  (ECF No. 21 at 9).  But the plaintiff's claim was successful because the policy terms explicitly covered "entities."  *Id.* at 866–867.  The terms defined "employee" to include not just natural persons, but also entities "acting on behalf of such natural person[s]." *Id.* at 866–867.  No such language exists in the policy terms of this case.

Because the court finds that plaintiff's claim is not covered under the policy as a matter of law, plaintiff's remaining extra-contractual claims necessarily also fail. *E.g.*, *Am. Excess Ins. Co.*

**James C. Mahan**
**U.S. District Judge**

1 | *v. MGM Grand Hotels*, 729 P.2d 1352, 1355 (Nev. 1986) (holding that there is no basis for bad

2 | faith claims when the insurer's contract interpretation is reasonable).

3 | **IV.    Conclusion**

4 | Accordingly,

5 | IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendants' motion for

6 | summary judgment (ECF No. 16) is GRANTED as to plaintiff's first, third, and fourth causes of

7 | action.

8 | IT IS FURTHER ORDERED that plaintiff's second cause of action is DISMISSED

9 | without prejudice.

10 | IT IS FURTHER ORDERED that plaintiff's countermotion for summary judgment (ECF

11 | No. 21) is DENIED as moot.

12 | The clerk is instructed to enter judgment and close the case.

13 | DATED September 22, 2023.

14 |

15 | UNITED STATES DISTRICT JUDGE